IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KIMBERLY BINNION and PAMELA HOWARD, | § § § § § | |
| Plaintiffs, | | |
| V. | § § | CIVIL ACTION NO. _____ |
| | § | JURY |
| DAVID E. MORRIS dba TUMBLEWEED STEAKHOUSE | § § § § | |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (4); 42 U.S.C. § 2000e - 5(f) and 28 U.S.C. Sections 2101 and 2102. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as "The Civil Rights Act of 1964", 42 U.S.C. §§ 2000e et. seq. The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by (a) 42 U.S.C. § 2000e et. seq. as amended by the Civil Rights Act of 1991, providing for relief against discrimination in employment providing for equal rights of all person and every state and territory and the jurisdiction of the United States.

### PARTIES

2.  Plaintiff, Kimberly Binnion is an individual residing in Wood County, Texas. Plaintiff, Pamela Howard is an individual residing in Florida.

3.  Defendant, David E. Morris dba Tumbleweed Steakhouse has continuously been and is doing business in the Eastern District of Texas. Defendant's address is 1103 West Upshur Avenue,

Gladewater, TX 75647 where process may be forwarded. The company has continuously and does now employ more than fifteen (15) persons.

## FACTS

4. Plaintiff, Kimberly Binnion was employed as a waitress with Tumbleweed Steakhouse. From the outset of her employment, Plaintiff, Kimberly Binnion was touched inappropriately and subjected to verbal sexual harassment from the owner, David E. Morris. The owner has made numerous, daily sexually inappropriate comments, touches, and gestures towards her. Despite Binnion's repeatedly objecting, and complaining numerous times to the General Manager, Pamela Howard, who herself was also a recipient of his sexual advances, his sexually inappropriate actions continued.

5. Plaintiff, Kimberly Howard was employed as a waitress and later general manager of the Tumbleweed Steakhouse. The owner, David E. Morris has made numerous, daily sexually inappropriate comments, touches, and gestures towards Plaintiff Howard, and sent several sexually suggestive text messages. Despite Plaintiff Howard repeatedly objecting, Morris' sexually inappropriate actions continued up to her termination.

6. The unlawful employment practices alleged below were and are being within the Eastern District of the State of Texas.

7. At all times relevant to the allegations contained in this Complaint, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

8. Within 300 days of the occurrence of the acts of which Plaintiffs complain, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) by Plaintiffs against the Defendant.

9. On or about December 22, 2014, Plaintiff Howard received a "Notice of Right to Sue" from the EEOC in Dallas, Texas and has instituted a civil action in the appropriate Federal District Court within ninety (90) days of the date the receipt of said notice.

10. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiffs, as females by inter alia:

(1) Failing to equalize conditions of employment for Plaintiffs as contrasted with comparably trained and qualified males;

(2) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiffs because of their sex;

(3) Subjecting Plaintiffs to a sexually hostile working environment;

(4) Subjecting Plaintiffs to sexual harassment in requiring or seeking to require Plaintiffs to participate in sexual activities in exchange for favorable treatment by the owner.

(5) Committing acts of retaliation against Plaintiffs by reason of their complaining of sexual harassment in the workplace.

## DAMAGES

4. At the time of their discharge, Plaintiffs earned wages, and received benefits from Defendant consisting of medical insurance, life insurance and retirement benefits.

5. Plaintiffs would show the court that they has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

6. Defendant intentionally inflicted extreme emotional distress upon Plaintiffs by intentionally discharging Plaintiffs on the basis of their sex. Plaintiffs have suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to

Defendant's conduct toward Plaintiffs and due to Defendant's discharge of Plaintiffs.

7. Plaintiffs would further show the court that they are entitled to recover punitive damages for Defendant's intentional and malicious acts as described above toward Plaintiffs regarding their employment with Defendant.

8. Plaintiffs hereby demand a trial by jury.

9. Plaintiffs are entitled to recover their reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that judgment be entered against Defendant and in favor of Plaintiffs:

(a) Requiring that Defendant pay over to Plaintiffs the actual, compensatory damages suffered by Plaintiffs by reason of Defendant's illegal acts and practices, including adjusted back and front pay, with interest, and additional amount as liquidated damages;

(b) Requiring Defendant pay to Plaintiffs damages for mental distress, emotional pain and suffering, inconvenience and loss of enjoyment of life imposed upon Plaintiffs through and as a result of the aforementioned discriminatory acts;

(c) Requiring Defendant to pay Plaintiffs in the nature of punitive damages as a result of Defendant's willful and malicious discrimination against Plaintiff;

(d) Requiring that Defendant pay to Plaintiffs their attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
HOMMEL LAW FIRM
State Bar No. 09934250
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFFS